IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHELLE STONE,

                    Plaintiff,

        vs.

OLDERBAK GEORGETOWN/WILLOWS
LLC,

                    Defendant.

**8:23CV26**

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend First Amended
Complaint. (Filing No. 26.)  For the reasons explained below, the motion will be granted.

## BACKGROUND

Plaintiff filed this action on January 23, 2023, alleging discriminatory housing practices
implicating the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, the Nebraska Fair Housing
Act ("NFHA"), Neb. Rev. Stat. § 20–301, *et seq.*, and the Lincoln Municipal Code ("LMC").
(Filing No. 1.) The action arises out of Plaintiff's tenancy at Willows Apartments, which is owned
and operated by Defendant. (Filing No. 8.) Plaintiff alleges that during her tenancy at Willows,
she was discriminated against based on disability. (Filing No. 8.) On May 26, 2023, the Court
entered a Memorandum and Order dismissing Plaintiff's claims to the extent they were premised
upon conduct allegedly occurring before May 11, 2020 because they were barred by the applicable
statute of limitations. (Filing No. 19.)

On June 9, 2023, Defendant filed its Answer and Counterclaim.  (Filing No. 20.) The
Counterclaim alleges Plaintiff breached the lease agreement between the parties by failing to pay
move-out charges and fees and seeks an award of $1,263.49.  (Filing No. 20.)  Plaintiff filed an
Answer to the Counterclaim on June 29, 2023, asserting she did not breach the lease and that
Defendant's claims for breach of contract are discriminatory and made in retaliation for her
attempting to enforce her rights under federal, state, and local fair housing laws.  (Filing No 21.)
The Court entered a Progression Order on August 3, 2023, setting August 28, 2023 as the deadline
to move to amend pleadings.  (Filing No 25.)  The instant Motion for Leave to Amend was filed
on August 28, 2023.  (Filing No. 26.)

**DISCUSSION**

Plaintiff seeks to file an amended complaint to assert claims of retaliation in violation of the FHA, 42 U.S.C. § 3617, and the NFHA, Neb. Rev. Stat. § 20-344. Section 3617 of the FHA provides "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Likewise, § 20-344 of the NFHA states that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of enjoyment of or on account of the person having exercised or enjoyed or having aided and encouraged any other person in the exercise of benefits and rights guaranteed by the Nebraska Fair Housing Act." Neb. Rev. Stat. § 20-344. The proposed amended complaint alleges Plaintiff was assessed baseless move-out charges and fees and that Defendant's Counterclaim is a "sham" brought in bad faith and with retaliatory motive to coerce, threaten, and intimidate Plaintiff into dropping her fair housing claims.

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). "When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (quotation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Defendant argues the Motion for Leave to Amend should be denied because amendment to assert the retaliation claims would be futile. To state a claim for retaliation under the FHA, Plaintiff must show: (1) she engaged in a protected activity; (2) Defendant was aware of the activity; (3) Defendant took adverse action against Plaintiff; and (4) there is a causal link between the adverse action and the protected activity. *McCoy v. Colorado Springs Hous. Auth.*, No.

2

4:18CV3137, 2019 WL 454099, at *4 (D. Neb. Feb. 5, 2019).  Defendant argues Plaintiff's proposed claims would not survive a motion to dismiss because its right to assert its Counterclaim is protected by the *Noerr-Pennington* doctrine, which "immunizes acts related to the constitutional right to petition the courts for a grievance, unless the act is a mere sham."  *Castro-Jaques v. Lang-Nelson Assocs., Inc.*, No. 18-CV-3376, 2020 WL 13609938, at *6 (D. Minn. Jan. 3, 2020). Defendant further asserts Plaintiff's proposed amendment fails to plausibly allege an adverse action by Defendant or that there is a causal connection between any adverse action and a protected activity.

Having considered the matter, the Court will grant Plaintiff leave to amend. Plaintiff's proposed amended complaint contains plausible allegations and, importantly, the issue of whether Plaintiff will or will not prevail on her claims "should be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802, at *2 (D. Neb. Jan. 24, 2008). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999). *See also Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (stating that a motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses"). At this stage in the proceedings, the Court cannot conclude that Plaintiff's proposed claims are clearly frivolous.  Plaintiff's proposed claims are relatively fact-dependent, and it would be inappropriate to evaluate their merit in a motion to amend. *See, e.g. Butler v. Sundo Cap., LLC*, 559 F. Supp.3d 452 (W.D. Pa. 2021); *Castro-Jaques*, No. 18-CV-3376, 2020 WL 13609938, at *11. Additionally, Plaintiff filed her motion within the time established by the Progression Order and there is no indication Defendant will be prejudiced by allowing Plaintiff to amend at this time.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend First Amended Complaint (Filing No. 26) is granted.  Plaintiff shall file her First Amended Complaint by January 22, 2024.

Dated this 18th day of January, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge