IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELLE STONE,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>OLDERBAK GEORGETOWN/WILLOWS LLC,<br><br>　　　　　　　Defendant. | 8:23CV26<br><br>ORDER ON DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER |

　　　　This case originally involved allegations of discriminatory housing practices implicating the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.*, the Nebraska Fair Housing Act (NFHA), Neb. Rev. Stat. § 20–301 *et seq.*, and the Municipal Code for the City of Lincoln, Nebraska (LMC). *See generally* Filing 1 (original complaint); Filing 8 (first amended complaint). United States Magistrate Judge Susan M. Bazis entered an Order, Filing 40, granting Plaintiff's Motion for Leave to Amend First Amended Complaint (Motion to Amend), Filing 26, to assert claims of retaliation in violation of the FHA, 42 U.S.C. § 3617, and the NFHA, Neb. Rev. Stat. § 20-344. Filing 40 at 2; Filing 41 (Second Amended Complaint). This case is now before the Court on Defendant's Statement of Objections to that Order. Filing 42. For the reasons stated below, Defendant's Objections are overruled.

## I.　INTRODUCTION

　　　　In Plaintiff's Amended Complaint, Plaintiff alleged that during her tenancy at Willows Apartments, which is owned by Defendant, she was discriminated against on the basis of disability. *See* Filing 8. The Court entered a Memorandum and Order dismissing Plaintiff's claims to the extent that they were premised upon conduct that allegedly occurred before May

1

11, 2020, because such claims are barred by the applicable statute of limitations. Filing 19 at 14. Defendant then filed its Answer and a Counterclaim alleging that Plaintiff breached the lease agreement between the parties by failing to pay move-out charges and fees on which Defendant seeks an award of $1,263.49. Filing 20 at 8. In an Answer and Affirmative Defenses to Defendant's Counterclaim, Plaintiff denied Defendant's Counterclaim and alleged that Defendant's Counterclaim is discriminatory and in retaliation for her attempt to enforce her rights under federal, state, and local fair housing laws. Filing 21 at 3.

Subsequently, Plaintiff filed a Motion for Leave to Amend First Amended Complaint, Filing 26, to add claims of retaliation in violation of the FHA, 42 U.S.C. § 3617, Filing 27-4 at 10 (¶ 58.a.) (redlined version of proposed Second Amended Complaint), and the NFHA, Neb. Rev. Stat. § 20-344. Filing 27-4 at 11 (¶ 65.a.). The retaliation claims are based on allegations that Plaintiff was assessed baseless move-out charges and fees and that Defendant's Counterclaim seeking to recover those charges and fees is a "sham" brought in bad faith and with retaliatory motive to coerce, threaten, and intimidate Plaintiff into dropping her fair housing claims. Filing 27-4 at 8–9 (¶¶ 53–56).

Although Defendant opposed the Motion to Amend on the basis of futility under the *Noerr-Pennington* doctrine, *see generally* Filing 32, Judge Bazis granted it, Filing 40 at 3. In her Order granting leave to amend, before embarking on her analysis, Judge Bazis summarized Defendant's arguments that the proposed amendment should be denied on the basis of futility, as follows:

> Defendant argues Plaintiff's proposed claims would not survive a motion to dismiss because its right to assert its Counterclaim is protected by the *Noerr-Pennington* doctrine, which "immunizes acts related to the constitutional right to petition the courts for a grievance, unless the act is a mere sham." *Castro-Jaques*

2

*v. Lang-Nelson Assocs., Inc.*, No. 18-CV-3376, 2020 WL 13609938, at *6 (D. Minn. Jan. 3, 2020). Defendant further asserts Plaintiff's proposed amendment fails to plausibly allege an adverse action by Defendant or that there is a causal connection between any adverse action and a protected activity.

Filing 40 at 3.

Judge Bazis's analysis of Plaintiff's Motion to Amend consisted of the following:

> Having considered the matter, the Court will grant Plaintiff leave to amend. Plaintiff's proposed amended complaint contains plausible allegations and, importantly, the issue of whether Plaintiff will or will not prevail on her claims "should be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802, at *2 (D. Neb. Jan. 24, 2008). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999). *See also Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (stating that a motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses"). At this stage in the proceedings, the Court cannot conclude that Plaintiff's proposed claims are clearly frivolous. Plaintiff's proposed claims are relatively fact-dependent, and it would be inappropriate to evaluate their merit in a motion to amend. *See, e.g. Butler v. Sundo Cap., LLC*, 559 F. Supp. 3d 452 (W.D. Pa. 2021); *Castro-Jaques*, No. 18-CV-3376, 2020 WL 13609938, at *11. Additionally, Plaintiff filed her motion within the time established by the Progression Order and there is no indication Defendant will be prejudiced by allowing Plaintiff to amend at this time.

Filing 40 at 3.

Defendant now asserts the following objections to Judge Bazis's Order:

1.     The January 18, 2024 Order erroneously concluded that "Plaintiff's proposed amended complaint contains plausible allegations and, importantly, the issue of whether Plaintiff will or will not prevail on her claims 'should be determined on the merits rather than as part of a motion to amend.'" [Doc. No. 40 at 3].

2.     The January 18, 2024 Order failed to apply the applicable legal standard and failed to determine whether the allegations in the proposed amended complaint were sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.     The January 18, 2024 Order erroneously granted Plaintiff's Motion for Leave to Amend First Amended Complaint.

Filing 42 at 1.

## II. LEGAL ANALYSIS

### A. Applicable Standards

*1. Standard of Review*

A district court may refer a nondispositive "pretrial matter" to "a magistrate judge to hear and determine." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's ruling on a motion for leave to amend is such a determination on a nondispositive pretrial matter. *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005). The opposing party must object to the magistrate judge's ruling to maintain the ability to appeal that ruling. *See Devine v. Walker*, 984 F.3d 605, 608 (8th Cir. 2020) (explaining that "we lack jurisdiction when a party fails to object to a magistrate judge's pretrial order and tries to appeal anyway" and citing cases); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the [nondispositive] order not timely objected to.").

"A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). In other words, "[a]s long as [a party] filed objections . . . the district court ha[s] no choice but to consider them." *Devine*, 984 F.3d at 607.

This Court has previously explained the applicable standard of review as follows:

> The Eighth Circuit Court of Appeals has explained that a finding of fact is clearly erroneous "only when [the court is] left with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Gray*, 59 F.4th

4

> 329, 332 (8th Cir. 2023) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *Doe v. United States*, 58 F.4th 955, 963 (8th Cir. 2023) (explaining that findings are not clearly erroneous when "[v]iewing the record as a whole, '[the court is] not left with the definite and firm conviction that a mistake has been committed.'") (quoting *United States v. Finley*, 612 F.3d 998, 1003 (8th Cir. 2010)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks omitted).

*Benson v. City of Lincoln*, 343 F.R.D. 595, 607 (D. Neb. 2023).

Where the Court's review is prompted by objections to a magistrate judge's order granting leave to amend a pleading, the Court turns to the standards applicable to amendment of pleadings.

2.  *Standards for Leave to Amend*

If a party seeks leave to amend more than twenty-one days after the opposing party has filed an answer—as is the situation here—that party "may amend its pleading only with the opposing party's written consent or the court's leave," but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Eighth Circuit Court of Appeals has explained, even though Rule 15(a)(2) states a liberal standard for leave to amend, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 n.4 (8th Cir. 2021) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557–58 (8th Cir. 2006)); *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). Thus, even if a motion to amend is filed before the deadline in a scheduling order, that does not require the court to grant the motion. Rather, "the scheduling order merely prescribes the date by which all such motions 'shall be filed'; the date on the

5

scheduling order does not confine the district court's consideration of the merits of such motions and does not preclude it from finding that an amendment would result in prejudice." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1066 (8th Cir. 2005).

In response to Plaintiff's Motion to Amend, Defendant asserted that the proffered amendment was futile. *See generally* Filing 32. "[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018) (quoting *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). To decide whether the proposed amendment would withstand such a motion to dismiss, the court must take the factual allegations in the amended complaint as true and afford the non-moving party all reasonable inferences from those allegations. *Id.* The court must then decide if the amended pleading states "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hillesheim*, 897 F.3d at 955 (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc), in turn quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## B. Defendant's Objections

On a party's objections to a magistrate judge's ruling on a nondispositive matter, the district court must decide whether the ruling was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Ferguson*, 484 F.3d at 1076 (citing 28 U.S.C. § 636(b)(1)(A)). As explained below, Defendant asserts both kinds of errors in Judge Bazis's Order on Plaintiff's Motion to Amend, but the Court is not persuaded that there was any error.

6

*1. The Order Is Not Contrary to Law*

Although framed as an "erroneous[ ] conclusion," part of Defendant's first objection asserts an error of law. Specifically, Defendant's first objection is in part that Judge Bazis's Order stated that "whether Plaintiff will or will not prevail on her claims 'should be determined on the merits rather than as part of a motion to amend.'" Filing 42 at 1. Defendant's second objection is more explicitly based on legal error because it asserts that Judge Bazis's Order "failed to apply the applicable legal standard and failed to determine whether the allegations in the proposed amended complaint were sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Filing 42 at 2. These objections are overruled.

First, the Court finds that, Judge Bazis's statement of the general Rule 15(a)(2) standards is consistent with the Court's own statement of those standards set out above. *Compare* § II.A.2. (stating that leave to amend must be freely given but may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party (citing Fed. R. Civ. P. 15(a)(2); *Nuevos Destinos, LLC*, 999 F.3d at 646 n.4; *Hillesheim*, 897 F.3d at 955)), *with* Filing 40 at 2 (same (citing Fed. R. Civ. P. 15 and *Amrine v. Brooks*, 522 F.3d at 833)). Thus, these challenged statements in the Order did not fail to apply applicable standards by instead stating inapplicable standards. *See Benson*, 343 F.R.D. at 607 (explaining "contrary to law" as failing to apply or misapplying applicable standards).

Even to the extent that Judge Bazis stated that whether Plaintiff will or will not prevail on her claims "should be determined on the merits rather than as part of a motion to amend," Filing 40 at 3, the Court cannot find that was a statement of inapplicable standards. *Benson*, 343 F.R.D.

7

at 607. That standard was drawn from *Doyle v. Eli Lilly &amp; Co.*, No. 8:06CV412, 2008 WL 215802 (D. Neb. Jan. 24, 2008), which recognized that "the underlying purpose of Rule 15 [is] to facilitate decision on the merits rather than on the pleadings or technicalities." 2008 WL215802, at *2 (quoting *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056 (N.D. Cal. 2006)). That statement is also a correct formulation of the law. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that Rule 15(a)(2) reflects the "principle that the purpose of pleading is to facilitate a proper decision on the merits" (quoting *Conley v. Gibson*, 355 us 41, 48 (1957)).

Interestingly, in its brief, Defendant does not base any objection on use of a standard concerned with facilitating a decision on the merits. *See generally* Filing 43. Instead, Defendant relies on the somewhat different ground that Judge Bazis "appeared to ultimately apply a stricter standard" than futility of a claim that could not withstand a motion to dismiss. Filing 43 at 2. Defendant identified Judge Bazis's "stricter standard" as stating that "'[l]ikelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous,' and holding that '[a]t this stage in the proceedings, the Court cannot conclude that Plaintiff's proposed claims are clearly frivolous.'" Filing 43 at 2 (quoting Filing 40 at 3). The Court notes that the Eighth Circuit Court of Appeals does not appear to have reiterated this standard in the quarter century since the later decision that Judge Bazis cited. *See* Filing 40 at 3 (citing *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999), and *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994)). On the other hand, neither has the Eighth Circuit repudiated or reversed that standard. The Court cannot hold that the Order used an inapplicable standard, *i.e.*, failed to apply the correct standard. *Benson*, 343 F.R.D. at 607.

It appears to the Court that Defendant's first objection based on legal error bleeds into its second one, where both assert that the Order failed to apply the applicable legal standard, meaning the standard for denying leave to amend based on futility. Defendant expressly asserts in its second objection that Judge Bazis "failed to determine whether the allegations in the proposed amended complaint were sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Filing 42 at 2; Filing 43 at 2–3. Defendant points out that this Rule 12(b)(6) standard requires assessment of whether the claim is plausible on its face based on the facts alleged. Filing 43 at 3–4. However, Judge Bazis explicitly recognized the applicability of this standard. *See* Filing 40 at 2. She stated, "When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Filing 40 at 2 (quoting *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012)). Judge Bazis then applied the "plausible pleading" standard asserted by Defendant by holding, "Having considered the matter, the Court will grant Plaintiff leave to amend. Plaintiff's proposed amended complaint contains plausible allegations." Filing 40 at 3.

   2.   *The Order Is Not Clearly Erroneous*

Part of Defendant's first objection and Defendant's third objection assert that the Order is clearly erroneous. Specifically, the first part of the first objection is that "[t]he January 18, 2024 Order erroneously concluded that 'Plaintiff's proposed amended complaint contains plausible allegations. . . .'" Filing 42 at 1 (quoting Filing 40 at 3). Defendant's third objection is that "[t]he January 18, 2024 Order erroneously granted Plaintiff's Motion for Leave to Amend First

9

Amended Complaint." Filing 42 at 1. The crux of Defendant's argument in support of both Objections—as in its Opposition to Plaintiff's Motion to Amend, Filing 32 at 6–9—is that Plaintiff has not plausibly pleaded that Defendant's Counterclaim was a "sham" excepting it from the protection of the *Noerr-Pennington* doctrine. *See* Filing 43 at 5–8. These objections are overruled.

While the Court might believe that the factual allegations supporting the Second Amended Complaint's new retaliation claims are weaker than Judge Bazis thinks they are, the Court cannot find that her conclusion that the supporting allegations make the claims plausible was clearly erroneous. *See Kingman v. Dillard's, Inc.*, 643 F.3d 607, 613 (8th Cir. 2011) (explaining that the possibility of a different result does not establish that the result is clearly erroneous). By asserting that Plaintiff plausibly pleaded retaliation claims, Filing 40 at 3, Judge Bazis necessarily concluded that the retaliation claims are based on plausible allegations that except Defendant's counterclaim from the protection of the *Noerr-Pennington* doctrine despite Defendant's contrary argument, Filing 43 at 4–7. In other words, Judge Basis necessarily concluded that Plaintiff plausibly pleaded that she was assessed baseless move-out charges and fees and that Defendant's Counterclaim seeking to recover those charges and fees is a "sham" brought in bad faith and with retaliatory motive to coerce, threaten, and intimidate Plaintiff into dropping her fair housing claims. This Court agrees with Judge Bazis that allegations in the Second Amended Complaint, Filing 41 at 5 (¶¶ 29–32), 8–9 (¶¶ 53–56), provide plausible factual grounds for the inference that Defendant's Counterclaim was a "sham" excepting it from the protection of the *Noerr-Pennington* doctrine. *See Munro*, 899 F.3d at 589 (explaining that an amended complaint is futile if it could not withstand a motion to dismiss under Rule 12(b)(6));

*Hillesheim*, 897 F.3d at 955 (explaining that to state a claim, the amended pleading must state sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face); *see also Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, 962 F.3d 1015, 1028 (8th Cir. 2020) (explaining the requirements of the "sham" exception to the protection of the *Noerr-Pennington* doctrine providing immunity from claims that are based on the filing of lawsuits). In other words, the Court is not "left with a 'definite and firm conviction that a mistake has been committed.'" *Benson*, 343 F.R.D. at 607 (quoting *Gray*, 59 F.4th at 332).

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1. Defendant's objections to United States Magistrate Judge Susan M. Bazis's Order granting Plaintiff's Motion for Leave to Amend First Amended Complaint, as set out in Defendant's Statement of Objections to the Magistrate Judge's Order, Filing 42, are overruled; and

2. United States Magistrate Judge Susan M. Bazis's Order granting Plaintiff's Motion for Leave to Amend First Amended Complaint, Filing 40, is affirmed.

Dated this 1st day of March, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge